UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MARIE PATTERSON,<br><br>　　　　　　　　Defendant. | CASE NO. CR22-5295<br><br>ORDER |

This matter is before the Court on Defendant Marie Patterson's motion to reduce her sentence, Dkt. 33. Patterson is not eligible for relief because her original sentence is already at the minimum of the amended range that would apply after application of the new Zero-Point Offender amendment. Her motion is denied.

**I.　BACKGROUND**

The Court sentenced Patterson to 33 months' custody in April 2023 after she pled guilty to Wire Fraud. Dkt. 30 at 2. Patterson admitted that she abused her position of trust as an employee at a local mechanical contracting company to steal more than $1.5 million over a period of nearly two years. Dkt. 17 at ¶¶ 7–11.

ORDER - 1

At the time of sentencing, Patterson scored zero criminal history points and therefore fell in criminal history Category I (0 to 1 point). Dkt 17 ¶ 29. With a Total Offense Level of 22, Probation calculated Patterson's sentencing range as 41 to 51 months. Dkt ¶ 58. The Court adopted Probations calculations, and additionally granted a downward variance and imposed a custodial sentence that fell below the applicable sentencing range. Dkt. 30 at 2

Patterson continues to serve her sentence, with a projected release date in May 2025. She now moves to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). Dkt. 33. She argues that she is eligible for a two-point reduction in her sentencing guideline calculations because she asserts that she qualifies for the new Zero-Point Offender amendment to the Sentencing Guidelines.

The Government opposes reducing Patterson's sentence. Dkt. 36. It concedes that it is unclear from the record whether Patterson meets all the criteria for the Zero Point offender reduction. *Id*. at 4. It argues however that, even if she did qualify, she is still ineligible for a sentence reduction because her original sentence is already at the minimum of the range that would apply after application of the Zero-Point Offender amendment. It asserts the law prohibits the Court from reducing her sentence any further.

## II.   DISCUSSION

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010)

(internal quotations omitted). A district court may reduce a defendant's sentence under the following limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

A defendant may move to reduce her sentence under 18 U.S.C. § 3582(c)(2) pursuant to the "Zero-Point Offender" provision of Amendment 821 to the Sentencing Guidelines.[1] The provision provides a two offense-level reduction for offenders who have zero criminal history points and meet nine additional requirements. USSG § 4C1.1. The Sentencing Commission has determined that this provision applies retroactively. *See* USSG § 1B1.10.

The Supreme Court mandates a two-step approach for district courts to follow in applying a retroactive guideline amendment to reduce a sentence under § 3582(c)(2). *Dillon*, 560 U.S. at 819. Because Patterson fails at the first step, the Court summarizes only that step:

> § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant

---

[1] The Zero-Point Offender appears in Part B, Subpart 1 to Amendment 821, in Section 4C1.1.

ORDER - 3

amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid*.

Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A).

*Id*. at 827.

The Court need not analyze whether Patterson qualified as a Zero Point Offender at the time of sentencing. Even if she met all nine criteria, the Court cannot reduce her sentence any further because her original sentence is already at the minimum of the range with the Zero-Point Offender reduction applied. The math is as follows: if the Court reduced Patterson's Total Offense Level from 22 to 20 as a Zero-Point Offender, with a Criminal History Category I, her revised range would be 33 to 41 months. *See* USSG Chapter 5, Part A (Sentencing Table). Her sentence is 33 months. The Sentencing Guidelines and *Dillon* prohibit reducing a sentence below the minimum of a newly revised range, except in cases involving substantial assistance. *Dillon*, 560 U.S. at 819; *see also United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014) (holding the Sentencing Commission acted within its statutory authority when it amended USSG § 1B1.10 to foreclose the possibility of a reduction in sentence below the low end of the amended Guidelines range).

### III. ORDER

Therefore, it is hereby **ORDERED** that Patterson's motion to reduce her sentence, Dkt. 33, is **DENIED**.

Dated this 10th day of July, 2024.

BENJAMIN H. SETTLE
United States District Judge